UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ORLANDO LAMAR WILLIAMS**                                   **CIVIL ACTION**

**VERSUS**                                                   **NO. 23-734**

**STATE OF LOUISIANA, ET AL.**                               **SECTION: "L"(5)**

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Orlando Lamar Williams. He filed this lawsuit against defendants, the State of Louisiana, the Department of Corrections and the Jefferson Parish Sheriff's Office,[1] alleging that he was released from prison on parole in March 2022, but he was not released at the correct time. He claims that he is entitled to compensation for mental anguish based on the following circumstances:

> I was receiving SSI disability before I was incarcerated if I would have been released at the correct time my disability would not have been stopped and I would be receiving my benefits now I had to reapply and as of 12-25-22 I am not receiving benefits which is contributing to me being homeless.

(Rec. Doc. 3-1, pp. 4-5).[2]

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v.*

---

[1] In his complaint, Williams generically lists additional defendant "employees," including two designated as "time calculators" and another as a "parole granter," but fails to identify such individuals by name. Rec. Doc. 3, p. 2.

[2] He also indicates that he was held beyond his release date back in 2017. Rec. Doc. 3, p. 2 (Statement of Claim).

*Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.³  28 U.S.C. §1915(e)(2)(B)(ii).  As statutorily required, the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).  Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff has named the State of Louisiana as a defendant.  However, the State of Louisiana is not a "person" subject to suit under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989); *Cronen v. Texas Department of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).  Further, even if the State were considered a proper defendant, which it is not, the State of Louisiana is immune from suit in federal court under the Eleventh Amendment.  Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273,

---

³ This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).

280 (5th Cir. 2002). Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); *Cozzo*, 279 F.3d at 281; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Because the State of Louisiana is immune from suit and has not waived its immunity, Plaintiff's claims against the State of Louisiana must be dismissed.

He also names the Louisiana Department of Corrections. The claim against the Department of Corrections is frivolous because the department enjoys Eleventh Amendment immunity from liability in this Section 1983 action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F. Supp. 560 (M.D. La. 1985); *Alexander v. Neustrom, et al.*, Civ. Action No. 16-00470, 2017 WL 388597, at *2-3 (W.D. La. Jan. 24, 2017). Therefore, the claim against the Louisiana Department of Corrections should be dismissed.[4]

He also names the Jefferson Parish Sheriff's Office as a defendant in this case. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, Civ. Action No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo*, 279 F.3d at 283); *Williamson v. Louisiana*,

---

[4] The Court is without jurisdiction to hear the plaintiff's claims for monetary relief against the State of Louisiana and the Louisiana Department of Corrections. His claims against the Department of Corrections also fail because state agencies are not "persons" subject to suit under § 1983. *Waldrop v. Bethancourt*, Civ. Action No. 10-1962, 2010 WL 3312501, *3 (E.D. La. July 21, 2010) (citing *Will v. Michigan Department of State Police*, 491 U.S. at 66); *Cronen*, 977 F.2d at 936.

Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Par. Sheriff Dep't*, Civ. Action No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); and *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988)).  The Sheriff's Office is not a "person" for purposes of Section 1983 liability.  *Calhoun v. Sanderson*, Civ. Action No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003); *Creppel v. Miller*, Civ. Action No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993).  Because the Jefferson Parish Sheriff's Office is not a person or suable entity for purposes of liability under Section 1983, the claims against it must be dismissed as frivolous, and otherwise for failure to state a claim upon which relief can be granted.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Orlando Williams' complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this  8th  day of  May , 2023.

                                        **MICHAEL B. NORTH**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.